

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 3 2001

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| versus | § | Civil Action B-01-026 |
| | § | |
| Donnie W. Harrison | § | |

# Motion for Default Judgment

The United States of America moves for default judgment.

1.    Harrison was served pursuant to the Federal Rule of Civil Procedure.  The proof of service is filed with the court.

2.    Harrison has not filed an answer or otherwise defended the suit.

3.    The debt owed the United States is:

    A.    Principal as of February 22, 2000:      $4,116.57

    B.    Interest as of February 22, 2000:      $3,371.38

    C.    Administrative, fees, costs, penalties      $67.96

    D.    Balance due as of February 22, 2000:      $7,555.91

    E.    Prejudgment interest accrues at 9.13% per annum, being $1.03 per day.

    F.    The current balance in 3A is after credits of $0.00

    F.    Attorney's fees      $1,000.00

Respectfully submitted

BENNETT, WESTON & LaJONE, P.C.

By: _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776
FAX: (214) 373-6810
Attorneys for the United States of America

## Certificate of Service

I certify that a true copy of the Request for Entry of Default, Entry of Default, Motion for Default Judgment, and the proposed Default Judgment was sent to Donnie W. Harrison at 702 Champion St. Port Isabel, TX 78578, by (1) certified mail, return receipt requested, No. 7000 0520 0021 9163 0200, and (2) regular, first class mail on the 10th day of April, 2001.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *versus* | § § | Civil Action B-01-026 |
| Donnie W. Harrison | § | |

ATTORNEY'S FEES AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared J. Michael Weston, who upon being duly sworn by me did state as follows:

1. My name is J. Michael Weston. I am over the age of twenty-one years of age and am competent to give this Affidavit. I have personal knowledge of the facts stated herein.

2. I was licensed as an attorney by the State of Texas in 1975. I have practiced law in the State of Texas since that time. I am familiar with the instant action and have been involved in many similar cases in the past. I am familiar with legal fees in the State of Texas for cases of this nature.

3. In the course of my legal representation of clients, I have handled numerous collections cases for clients, and many of the cases, as in this case, involved suit for payment of a promissory note. Additionally, I am familiar with the collection of student loans on behalf of the United States of America.

4. Utilizing the factors found at Rule 1.04, Texas Disciplinary Rules of Professional Conduct, I note the following:

   a. This case is handled by our law firm on a contingency fee basis of 33.33% of all sums

collected, principal and interest.

b.  The nature of the case, collections, is not novel but our firm and the undersigned have the experience and skill to handle such cases on a large volume throughout the State of Texas, and that experience and skill is not customary in the legal profession. Additionally, our firm has developed an expertise for the handling of student loan collections, and this skill is not customary in the legal profession.

c.  The contingency fee of 33.33% is standard for collection matters such as the type presented to the Court in this instance.

d.  The fee actually paid to our firm is contingent upon the uncertainty of collection. In fact, many debtors against whom we file suit on behalf our clients never pay any moneys, and we collect no fees for such matters.

e.  Based on the time expended on collection matters, the percentage of sums collected and the fees generated on a contingency fee basis, the fee sought in this as a contingency fee basis reflects the time and labor required in such a matter.

5.  Based upon the above factors, I believe a customary, necessary and reasonable attorney's fee in this action is $1,000.00.

SWORN AND SUBSCRIBED to on April 9, 2001.

_____
Notary Public in and for the
State of Texas

My Commission Expires:



DELENE SPIELMAN
MY COMMISSION EXPIRES
November 5, 2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *versus* | § § | Civil Action B-01-026 |
| Donnie W. Harrison | § | |

**Nonmilitary Declaration**

I am making this declaration pursuant to 28 U.S.C. § 1746:

I am attorney for the plaintiff, United States of America in this lawsuit. It appears that the defendant, Donnie W. Harrison, has not been in military service for the United States subsequent to the date suit was filed.

This determination is based on an investigation of the Department of Education records, communication with Donnie W. Harrison's wife and his former employer which indicated that Mr. Harrison is a fisherman, and the fact that all mail from this office to Donnie W. Harrison name has been sent to and received at a civilian address.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 9, 2001.

_____
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *versus* | § § | Civil Action B-01-026 |
| Donnie W. Harrison | § | |

AFFIDAVIT OF AMOUNTS DUE

STATE OF TEXAS

COUNTY OF DALLAS

    The undersigned, J. Michael Weston, being duly sworn, state that I am one of the attorneys for the United States in the above styled and numbered cause; that our offices has file a file marked copy of the served and filed Summons, that more than 20 days have passed from the date of service, and defendant, to my knowledge, has not filed an answer or pleadings or made any written response to the complaint. Based on the records available to me, the investigation made by my office of the defendant, and my office's attempts to contact the defendants or actual contact with the debtor, its does not appear, based on my best information and belief that the defendant is an infant, an incompetent person and is not in the military service within the purview of the Soldier's and Sailor's Relief Act of 1940, as amended.

    I further state that I have read the Complaint in this action, reviewed the file provided to our office by the United States, and am familiar with the evidence the United States would offer at trial. Based thereon, I state that, based on the Certificate of Indebtedness and transactions, if any, between the United States and defendant of which we have been advised and are aware, the amount due from defendant to the United States is as follows:

    A.    Principal as of February 22, 2000:    $4,116.57

B.　　Current interest　　　　　　　　　　　　　　　　　　　$3,3,71.38

C.　　Administrative, fees, costs, penalties　　　　　　　　　$67.96

D.　　Balance due as of February 22, 2000:　　　　　　　　　$7,555.91

E.　　Prejudgment interest accrues at 9.13% per annum, being $1.03 per day.

F.　　The current balance in 3A is after credits of $0.00

By: _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
1750 Valley View Lane, Suite 120
Dallas, Texas 75234
Telephone: (214) 691-1776
FAX: (214) 373-6810

Subscribed and sworn this 10 day of April, 2001.

_____
Notary Public, State of Texas

My commission expires:

DELENE SPIELMAN
MY COMMISSION EXPIRES
November 5, 2001